UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| DIANE M. HOUCHINS, | : | CASE NO. 16-20740 (JJT) |
| DEBTOR. | : | |
| | : | |
| DIANE M. HOUCHINS, | : | |
| | : | ADV. PRO. No.: 16-02053 |
| PLAINTIFF | : | |
| | : | |
| V. | : | RE: ECF No. 5 |
| | : | |
| CITY OF NORWICH, | : | |
| | : | |
| DEFENDANT. | : | |

## APPEARANCES

David F. Falvey, Esq.                                                Attorney for the Plaintiff
Action Advocacy Law Office, P.C.
1 Crouch St.
Groton, CT 06340

Aimee L. Wickless, Esq.                                          Attorney for the Defendant
Brown Jacobson, P.C.
22 Courthouses Square
P.O. Box 391
Norwich, CT 06360

## MEMORANDUM OF DECISION AND ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS

　　　Before the Court is the City of Norwich's (the "City") Motion to Dismiss Adversary Complaint Pursuant to Fed. R. Bankr. P. 7012(b)(6) (ECF No. 5, the "Motion"), in response to the Debtor-Plaintiff Diane M. Houchins' (the "Debtor") Adversary Complaint seeking to avoid as a fraudulent conveyance an involuntary transfer of the Debtor's real property by the Tax Collector Sales Procedure set forth in Conn. Gen. Stat. § 12–155 *et seq.*. The City contends that the Complaint must be dismissed for failure state a claim upon which relief can be granted, as the price obtained by a tax sale conducted in accordance with Conn. Gen. Stat. § 12–155 *et seq.* "is

entitled to a conclusive presumption of 'reasonably equivalent value' within the meaning of Bankruptcy Code § 548(a)(1)(B)(i)." *In re Jacobson*, 523 B.R. 13, 24 (Bankr. D. Conn. 2014) (extending the Supreme Court's rationale in *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994) to tax foreclosure sales conducted in accordance with Conn. Gen. Stat. § 12–155 *et seq.*). The Court agrees. Accordingly, the Motion is hereby GRANTED.[1]

IT IS SO ORDERED at Hartford, Connecticut this 31st day of March 2017.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[1] While the Debtor has moved to hold the City in contempt for transferring title to the property following the filing of the instant Chapter 13 petition (ECF 46, the "Motion For Contempt And Nullification of Transfer"), it makes no difference, for purposes of the Motion to Dismiss, that the City's post-petition transfer of title may have violated the automatic stay. If the Motion For Contempt And Nullification of Transfer succeeds, the post-petition transfer will be voided as a nullity *ab initio*, and therefore no transfer, fraudulent or otherwise, will have occurred. Thus, any violation of the automatic stay would result in the nullification of the transfer, and potentially an award of appropriate damages, but would not sustain the Debtor's fraudulent conveyance action.